# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

Case No. 19-23059-Civ-WILLIAMS/TORRES

BERKLEY INSURANCE COMPANY,
a foreign corporation,

       Plaintiff,

v.

SUFFOLK CONSTRUCTION
COMPANY, INC. a foreign corporation,

       Defendant.
_____/

## ORDER ON MOTION TO STRIKE SUPPLEMENTAL DAMAGES

This matter is before the Court on Berkley Insurance Company's ("Berkley") and Titus Construction Group's ("Titus") (collectively, the "Movants") motion to strike Suffolk Construction Company, Inc.'s ("Suffolk") supplemental damages. [D.E. 86]. Suffolk responded to the motion on March 8, 2021 [D.E. 88] to which the Movants replied on March 15, 2021. [D.E. 99]. Therefore, the motion is now ripe for disposition. After careful consideration of the motion, response, reply, relevant authorities, and for the reasons discussed below, the motion to strike is **GRANTED**.

### I.    ANALYSIS

Berkley filed this action on July 23, 2019 [D.E. 1] for, among other things, breach of contract and unjust enrichment. Berkley alleged that, on October 27, 2015, Suffolk entered into three subcontracts with Titus to provide various labor, services, and materials on three construction projects. Berkley, as the surety, and

1

Titus, as the principal, then executed performance bonds for the benefit of Suffolk and to guarantee Titus's faithful performance of the subcontracts.

On December 16, 2019, Suffolk served its fact witness list and initial disclosures with allegations that it suffered damages in excess of $5 million dollars based upon the value of all supplemental labor, services, and other materials:

> Suffolk calculates its damages as totaling in excess of $5,000,000.00 (Five Million Dollars). Calculation is based on the sum of the value of all supplemental labor, services, and materials provided by Suffolk and other subcontractors on the Projects, plus delay damages and associated costs, and all interest and costs recoverable at law.

[D.E. 86-1].

On January 30, 2020, Berkley filed an amended complaint against Suffolk for the breach of several subcontracts in connection with the work performed at Met Square Residential Tower, Met Square, and Met Square Retail Shell.  [D.E. 30]. Suffolk then filed an answer, affirmative defenses, and a counterclaim on February 11, 2020.  [D.E. 32].  The fifth affirmative defense states that "Suffolk is entitled to recoup and/or set off any and all damages caused by Titus and/or Berkley to Suffolk in connection with the Subcontracts-at Issue, the Payment Bond, and/or the Berkley Bonds, in regards to any claim alleged by Berkley."  *Id.* at 16-17.

On October 23, 2020, Suffolk served a response to Berkley's first set of interrogatories.  In response to Interrogatory No. 12 – that requested an explanation on damages – Suffolk stated that the sum of all damages totals approximately $4.9 million dollars.  [D.E. 86-2 ("The sum of all Direct Damages incurred by Suffolk total $4,910,268.00.")].  Fast forward to February 22, 2021,

2

Suffolk served a supplemental answer to Interrogatory No. 12. However, this time Suffolk included $3 million dollars in additional damages arising out of insurance deductibles for other projects. Suffolk served this supplemental response after the discovery period ended on February 19, 2021.

The Movants are concerned that, with this untimely response, Suffolk is attempting to litigate an entirely new damages claim served after the close of the discovery period. If these damages are allowed to stand, the Movants estimate that it would lead to an extension of the discovery period because of the need to review hundreds of thousands of new documents and depose dozens of additional witnesses. The Movants also estimate that the time needed for trial would triple and that the case would have to be continued for another year. Thus, based on Suffolk's failure to comply with the Federal Rules of Civil Procedure and the Court's Amended Scheduling Order, the Movants seek to exclude any evidence of Suffolk's supplemental damages.

Suffolk's response is that, contrary to the motion to strike, it is not seeking to change or amend its claims against either Berkley or Titus. Instead, Suffolk says that it merely served supplemental interrogatory responses in an effort to disclose additional damages that it sustained from other contracts in advance of a deposition that the parties agreed to on March 3, 2021.[1] Suffolk also contends that it has not amended any claims against the Movants, nor has it included any additional

---

[1] The supplemental response included damages associated with alleged contractual defaults on two other projects known as Prive at Island Estate and All Aboard Florida Overbuild.

affirmative defenses. [D.E. 88 at 2 ("Suffolk simply added information to the prior interrogatory answers . . . in an effort to provide an updated and complete disclosure of all damages[.]")]. Because Suffolk only provided the supplemental answers to raise awareness of all the damages sustained and does not seek to recover either of the additional amounts at trial, Suffolk concludes that the information is harmless and that the motion to strike should be denied.

The Federal Rules of Civil Procedure provide that a party may serve written interrogatories, and that the responding party must serve its answers and objections within thirty days. Fed. R. Civ. P. 33(b). Rule 26(e) also provides that a party that has responded to an interrogatory must supplement or correct its disclosure or response in a timely manner:

> (1) *In General.* A party who has made a disclosure under Rule 26(a)--
> or who has responded to an interrogatory, request for production, or
> request for admission—must
> supplement or correct its disclosure or response:
>
>> (A) in a timely manner if the party learns that in some material
>> respect the disclosure or response is incomplete or incorrect, and
>> if the additional or corrective information has not otherwise
>> been made known to the other parties during the discovery
>> process or in writing; or
>
>> (B) as ordered by the court.

Fed. R. Civ. P. 26(e). When a party fails to comply with this requirement, a "party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). This means, in a nutshell, that if a party responds to an

interrogatory or a request for production, that party is under a continuing duty to supplement that response.

Here, the Movants seek to exclude any evidence of Suffolk's supplemental damages. Suffolk claims that there is no need for this relief because the purpose of the late disclosure was to merely facilitate a deposition and to provide a full disclosure on damages. Suffolk reasons that striking the supplemental damages is therefore unnecessary because it "is not claiming the damages associated with the Prive and All Aboard Florida projects in this litigation." [D.E. 88 at 3].

The parties agree that Suffolk cannot seek relief for the supplemental damages included in the untimely interrogatory response. The issue instead appears to be as to how Suffolk can use these supplemental damages for trial. While Suffolk states that it will not seek any relief for these supplemental damages, the Movants are concerned that Suffolk will reference these amounts and prejudice the jury in consideration of the actual claims in dispute. That concern is well taken because – even though Suffolk has not amended any claim or defense – it is unclear why it will not agree to exclude these supplemental damages altogether if it concedes that the purpose of the disclosure was only to facilitate a deposition. Suffolk also posits that the supplemental damages are harmless, but that is not necessarily true if Suffolk intends to reference these amounts at trial. [D.E. 88 at 4 ("The additional information provided by Suffolk to Berkley and Titus is harmless given that Suffolk is not seeking to recover each of the deductible amounts paid under the SDI Policies in the instant case.")]. If Suffolk took that road, it would be

prejudicial to the Movants because they have not had an opportunity to conduct any discovery on these damages aside from the one deponent that the parties agreed to schedule after the discovery cutoff had already passed.

To be sure, Suffolk never makes clear what it intends to do with the supplemental damages going forward. Suffolk only states that it does not agree with the relief sought. But, since the Movants only want to exclude these damages, it is safe to assume that Suffolk intends to use these damages in some capacity even if not for the purpose of seeking any affirmative relief. There is no need to speculate any further as to Suffolk's intentions because, for our purposes, the only question left is whether the untimely interrogatory response is substantially justified or harmless. *See* Fed. R. Civ. P. 37(c)(1).

We conclude that Suffolk meets neither exception under Rule 37, in part, because there is no mention as to how the untimely disclosure is substantially justified.[2] *See Mitchell v. Ford Motor Co.*, 318 F. App'x 821, 824 (11th Cir. 2009) ("The burden of establishing that a failure to disclose was substantially justified or harmless rests on the nondisclosing party.") (quoting *Leathers v. Pfizer, Inc.,* 233 F.R.D. 687, 697 (N.D. Ga. 2006)). Suffolk also fails to show how the untimely disclosure is harmless because it relies on a one sentence remark about how it will

---

[2] "Generally, when assessing whether there was substantial justification for the failure to disclose or whether the failure to disclose was harmless courts consider four factors: (1) the importance of the excluded testimony; (2) the explanation of the party for its failure to comply with the required disclosure; (3) the potential prejudice that would arise from allowing the testimony; and (4) the availability of a continuance to cure such prejudice." *Warner v. Ventures Health Care of Gainesville, Inc.*, 2001 WL 36098008, at *1 (M.D. Fla. Aug. 1, 2001) (citing *Sullivan v. Glock,* 175 F.R.D. 497, 506–07 (D. Md. 1997)).

not seek any affirmative relief for these damages during trial. The problem with that argument is that it ignores the prejudice that the Movants may suffer if a jury learns of extraneous damages and confuses the claims presented in determining liability. However, that is not at all. The Movants have also not had an opportunity to conduct any discovery on these supplemental damages other than the deposition that took place after the discovery cutoff. If the Court does not extend the discovery period or delay the trial date, there is a significant chance that the Movants will be unprepared to litigate any reference to these supplemental damages. That cannot stand, especially where Suffolk fails to even consider the potential harm for allowing these supplemental damages to be considered. Accordingly, the Movants' motion to strike is **GRANTED** and any evidence of Suffolk's supplemental damages is excluded for all future purposes in this case.[3] *See, e.g., Managed Care Sols., Inc. v. Essent Healthcare, Inc.*, 2010 WL 1837724, at *4 (S.D. Fla. May 3, 2010) ("The plaintiff has failed to provide this Court with any actual evidence to support its position that its failure to comply with the expert disclosure requirements was substantially justified.").

## II. CONCLUSION

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** that the motion to strike is **GRANTED** and any evidence of Suffolk's supplemental damages is excluded for all future purposes in this case. [D.E. 86].

---

[3] The exclusion of these supplemental damages applies to all parties.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 19th day of April, 2021.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge