**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.: 19-23059-CIV-WILLIAMS**

BERKLEY INSURANCE COMPANY,
a foreign corporation,

      Plaintiff,

v.

SUFFOLK CONSTRUCTION
COMPANY, INC., a foreign corporation

      Defendant.

_____/

SUFFOLK CONSTRUCTION
COMPANY, INC., a foreign corporation

      Third-Party Plaintiff,

v.

TITUS CONSTRUCTION GROUP, INC.,
a Florida Corporation,

      Third-Party Defendant.

_____/

## THE PARTIES' JOINT REQUEST FOR PRETRIAL CONFERENCE

Plaintiff, BERKLEY INSURANCE COMPANY ("BERKLEY"), Defendant, SUFFOLK CONSTRUCTION COMPANY ("SUFFOLK"), and Third-Party Defendant, TITUS CONSTRUCTION GROUP, INC. ("TITUS") (collectively, the "Parties"), by and through undersigned counsel, hereby jointly request a Pretrial Conference in this matter, and in support show the Court as follows:

1.     This Court's *Amended Scheduling Order* dated December 15, 2020 **[DE 65]**, provides that the Parties have until May 14, 2021 to request a Pretrial Conference in this matter.

CASE NO.: 19-23059-CIV-WILLIAMS

2.      The Parties submit that a pretrial conference is necessary and desirable in this complex civil case to address various procedural aspects regarding how the trial will be conducted and managed.

3.      As this Court is aware, the present case is a complex construction case involving three parties and multi-millions of dollars in claims, counterclaims, and third-party claims.   The facts involved are intricate and involve allegations of project delay, productivity impacts, liquidated damages, breach of contract damages, wrongful termination, financing by a surety company, and wrongful default under a performance bond.

4.      The trial is non-jury, but could involve 8-10 fact witnesses per side, and, at this juncture, seven (7) expert witness in total have been disclosed by the Parties.  The number of exhibits will reach hundreds per side, perhaps over a thousand per side.  The Parties estimate that 10-12 days of actual trial time will be necessary to present the case.

5.      Given these circumstances, and the state of flux that is still surrounding COVID procedures and protocols, the Parties desire to convene a pretrial conference to discuss the following:

A.      Realistic trial date, including the possibility of a special setting.  A defined date is highly desirable for coordination with witnesses, especially considering that the summer is imminent when people might not be available for certain periods or might need to plan around the trial date.

B.      Related to the above, the trial time.  The Parties request 10-12 days to try the case and agree that this is a necessary and reasonable trial period.

C.      COVID protocols:  Will the entire trial be remote or in-person?  If the proceedings will be remote:

CASE NO.: 19-23059-CIV-WILLIAMS

1.   Will the Court be issuing an order (or does it have any standing order) on the logistics to conduct a remote non-jury trial?

2.   What is the Court's preferred "video conferencing" tool?

3.   How will exhibits be presented to the Court and to the witnesses?

4.   Any special consideration for "impeachment" evidence?

5.   What are the Court's procedures or limitations to presenting live testimony? (witnesses must be visible, whether witnesses must be isolated during live testimony, invocation of the rule, will witnesses be expected to be on "hold" in a separate "waiting room" during the proceedings, no recording of trial).

6.   In the event of loss of connectivity, what will be the procedure to reconvene?

7.   To ensure compatibility with the Court's platform, will the Court offer a "practice" session prior to trial?

D.   <u>Preparation and admission of trial exhibits</u>.

1.   What format does the Court want for itself and exchanged between counsel?

a.   Hard copies in this case would involve dozens of large notebooks.

b.   If electronic: on thumb drives (or external hard drives), or cloud-based repository?

2.   Many exhibits in this case are appropriate for summaries.  What is the Court's procedures for handling such exhibits and whether they may be admitted by a witness as a bookmarked composite to support the summary, or must be admitted individually?

3.   Consideration of a process for resolving objections prior to trial, for pre-admission of the exhibits.

CASE NO.: 19-23059-CIV-WILLIAMS

4.  Use of demonstrative exhibits.

E.      (If in-person) Courtroom technology and presentation of exhibits.

1.  Personal computers?

2.  Can the Parties link remotely to their office servers via Court Wi-Fi?

3.  How much time in advance will the courtroom be available for preparation?

4.  Presentation of large documents such as plans:  Projectors or computer screens?

Undersigned counsel respectfully submit that a Pretrial Conference on these matters, and on any other issue of concern to the Court, will expedite the conduct of the trial in this matter.

**ETCHEVERRY HARRISON LLP**
Attorneys for BERKLEY
150 South Pine Island Road, Suite 105
Fort Lauderdale, Florida 33324
Telephone: (954) 370-1681
Facsimile: (954) 370-1682
Harrison@etchlaw.com
Etcheverry@etchlaw.com
Service@etchlaw.com

*By:  /s/ Guy Harrison*
Guy Harrison, Fla. Bar No. 368806
Edward Etcheverry, Fla. Bar No.: 856517

**SUFFOLK CONSTRUCTION COMPANY, INC.**
Foley & Lardner LLP
One Biscayne Tower
2 South Biscayne Blvd, Suite 1900
Miami, FL 33131
Telephone: (305) 482-8421
Facsimile: (305) 794-0911
rrodriguez@foley.com
jdiaz@suffolk.com
mcardenas@suffolk.com
eservice@suffolk.com

*By:      /s/ Ralf R. Rodriguez*
Ralf R. Rodriguez, Fla. Bar No.: 0138053

-4-

CASE NO.: 19-23059-CIV-WILLIAMS

## <u>CERTIFICATE OF SERVICE</u>

**WE HEREBY CERTIFY** that on this <u>28th</u> day of April 2021, we filed the foregoing with the Clerk of Court through CM/ECF.  We also certify that the foregoing document is being served this day on all counsel of record either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to received electronically Notices of Electronic Filing.

By:  */Guy Harrison*
_____
Guy Harrison, Fla. Bar No. 368806