UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:19-CV-23059-KMW

BERKLEY INSURANCE COMPANY,
a foreign corporation,

    Plaintiff,

v.

SUFFOLK CONSTRUCTION COMPANY,
INC., a foreign corporation,

    Defendant.
_____/
SUFFOLK CONSTRUCTION COMPANY, INC.,
a foreign corporation,

    Third-Party Plaintiff

v.

TITUS CONSTRUCTION GROUP, INC., a Florida
Corporation,

    Third Party Defendant.
_____/

**SUFFOLK CONSTRUCTION COMPANY'S MOTION TO STRIKE PLAINTIFF BERKLEY AND THIRD-PARTY DEFENDANT TITUS'S UNTIMELY AND NEWLY DISCLOSED EXPERT ANALYSES AND INCORPORATED MEMORANDUM OF LAW**

Defendant/Counter-Plaintiff and Third-Party Plaintiff SUFFOLK CONSTRUCTION COMPANY, INC. ("Suffolk"), by and through undersigned attorneys Cozen O'Connor, pursuant to Rule 37(c)(1), Fed. R. Civ. P. and S.D.L.R. 7.1, hereby moves to strike Plaintiff BERKLEY INSURANCE COMPANY ("Berkley") and Third-Party Defendant TITUS CONSTRUCTION GROUP'S ("Titus") Composite Exhibit 2501 and Exhibit 2504, which were produced on August

16, 2021, long after the close of expert disclosures. In support thereof, Suffolk submits the following Memorandum of Law.

I. **PRELIMINARY STATEMENT**

In preparing for trial, Suffolk's expert, Mr. Glen Stevens, recently reviewed the numerous exhibits tendered by Berkley and Titus, including the new Demonstrative Exhibits 2501 and 2504 produced by Berkley and Titus. A review of these exhibits reveals that Berkley and Titus are now providing new analyses and conclusions that were not previously disclosed in any of the expert reports produced by Berkley and Titus in this cause. The time for disclosing new expert opinions and analyses in this action has long ago lapsed.

On October 23, 2020, Suffolk and Berkley[1] produced their Initial Rule 26(a)(2) Disclosures, whereby Suffolk produced various expert reports including those prepared by Stevens and Associates, Inc., David Pogorilich, and Patrick A. McGeehin, while Berkley simultaneously produced an expert report drafted by Michael Bennink from JS Held Construction Advisory. Subsequently, on December 2, 2021, Suffolk and Berkley produced rebuttal reports for their respective experts. Pursuant to the Amended Scheduling Order (D.E. 65), discovery—including all expert discovery—closed on February 19, 2021. On August 16, 2021—six months after the discovery deadline—Berkley and Titus produced eight building sequence of work animations and/or vignettes, as well as a timeline depicting events that allegedly impacted Titus's work.[2] These demonstratives however are nothing more than an ill-attempt by Berkley and Titus to

---

[1] Due to the collaborative nature of Berkley and Titus's relationship in this matter, Titus did not submit a separate disclosure and expert report.

[2] The building sequence of work animations and the timeline of events are identified in Berkley and Titus's Exhibit List (D.E. 170-2) as Composite Exhibit 2501 and 2504, respectively.

introduce and improperly use newly, untimely, and previously nondisclosed expert analyses on the eve of trial. A classic act of trial by ambush.

By presenting new expert analyses via disguised trial demonstratives, Berkley and Titus endeavor to correct one of the numerous weaknesses in their case as described in Stevens and Associates, Inc.'s Rebuttal Expert Report. Specifically, Mr. Stevens opined that the loss of productivity analysis completed by Mr. Bennink was "fundamentally flawed, and unreliable as it failed to adhere to the basic requirements for computation of loss of labor productivity man-hours pursuant to the very treatise that J.S. Held cites." *See* Stevens & Associates, Inc.'s Rebuttal Report dated December 2, 2020, p. 2 (D.E. 96-12). Stevens further opined, *inter alia*, that (1) JS Held did not compare the relative productivity of physical units of work between the measured mile and the impacted periods (*Id*. at p. 17); (2) J.S. Held's allegation of inefficiencies caused by trade stacking/joint occupancy is inconsistent with the Project record (*Id*. at p. 19); (3) JS Held's allegations of inefficiencies caused by multiple work locations is inconsistent with the Project record (*Id*.); (4) JS Held's allegations of inefficiencies due to added comeback work is unsupported [*Id*.]; and (5) JS Held/Titus failed to provide source documentation in support of Titus's damages. (*Id*.). However, the time for buttressing one's case has expired. Berkley and Titus's new expert analyses were neither contained in their initial or rebuttal expert reports nor disclosed to Suffolk's experts in accordance with the Court's various scheduling orders; thus, depriving Suffolk from the opportunity of reviewing and rebutting these new analyses. Moreover, Berkley and Titus fail to provide much of the data substantiating or backing up the new analyses depicted in Berkley and Titus's Exhibits 2501 and 2504, which prevents Suffolk from determining the veracity and accuracy of the newly disclosed expert analyses. No substantial justification exists for permitting Berkley and Titus to file the equivalent of a sur-reply to Mr. Glen Stevens rebuttal report at this

late of a juncture, especially considering how highly prejudicial it would be for Suffolk and the impact it would have on this case. Therefore, the Court should respectfully enter an Order striking Berkley and Titus's Exhibits 2501 and 2504. Alternatively, Suffolk should be allowed an opportunity to examine Berkley's and Titus's expert witnesses, Mr. Michael Bennink and William Perry, regarding the new analyses depicted in these exhibits and the underlying information allegedly supporting these new opinions and conclusions.

## II. RELEVANT FACTUAL BACKGROUND

Importantly, the findings and analyses contained in Berkley and Titus's "trial demonstratives" (Berkley and Titus's Exhibits 2501 and 2504) were never provided to Suffolk or its experts in accordance with the Court's Amended Scheduling Order (D.E. 65). Specifically, on October 23, 2020, Suffolk produced the following three expert reports: (i) Stevens & Associates Expert Report ("SAI Report") by Glen Stevens, P.E.; (ii) Ankura Expert Report ("Ankura Report") by David Pogorilich; and (iii) Expert Quantum Report of Patrick A. McGeehin. Simultaneously, Berkley produced an expert report by Michael Bennink of JS Held ("JS Held Report"). Critically, the respective experts for each party had an opportunity to examine the findings and opinions articulated in each of these reports. Thereafter, on December 2, 2020, Suffolk produced two rebuttal expert reports, one which was prepared by Stevens & Associates, Inc. and Vero Construction Consultants, Corp. ("SAI Rebuttal Report"), and the second by Patrick A. McGeehin. Both of Suffolk's rebuttal expert reports were prepared and produced for the sole purpose of rebutting the findings articulated in the JS Held Report. Notably, on December 2, 2020, Berkley also disclosed three additional rebuttal expert reports individually prepared by William Perry, Richard E. Towle, and JS Held. Importantly, none of the reports produced by Berkley and Titus's

experts contained the new analysis, opinions, and findings that are now being presented for the first time in Berkley and Titus's Exhibits 2501 and 2504.

Pursuant to the Court's Amended Scheduling Order, all discovery, including expert discovery, closed on February 19, 2021. At no point did Berkley or Titus seek relief from the Court to submit or disclose new expert opinions and analyses. Instead, Berkley now decides to introduce new analyses that were neither previously disclosed its initial expert reports nor its rebuttal exhibits under the demise of trial demonstratives, depriving Suffolk of the opportunity to rebut these analyses and instead ambushing it mere days before the trial.

### III. MEMORANDUM OF LAW

#### A. Legal Standard

Federal Rule of Civil Procedure 26 specifies that each party is required to disclose the identity of its expert witnesses, along with a written expert report disclosing, among other things, "a complete statement of all opinions the witness will express and the basis and reasons for them." Fed R. Civ. P. 26(a)(2)(A). Additional, Rule 26 requires expert disclosures be made "at the times and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2)(D).

The expert disclosure requirements under Rule 26(a)(2)(B) are "intended to provide opposing parties reasonable opportunity to prepare for effective cross-examination and perhaps arrange for expert testimony from other witnesses." O*FS Fitel, LLC v. Epstein, Becker & Green, P.C.*, 549 F.3d 1344, 1362 (11th Cir. 2008) (quoting *Reese v. Herbert*, 527 F.3d 1253, 1265 (11th Cir. 2008)). "Because the expert witness discovery rules are designed to allow both sides in a case to prepare their cases adequately and to prevent surprise, compliance with the requirements of Rule 26 is not merely aspirational." *Reese*, 527 F.3d at 1266 (internal quotation omitted). "Violations of Rule 26 disclosures are subject to harsh sanctions." *Clingman & Hanger Mgmt. Associates,*

*LLC v. Knobel*, 2018 WL 2694594, at *2 (S.D. Fla. Apr. 19, 2018), *report and recommendation adopted*, 2018 WL 2688759 (S.D. Fla. May 8, 2018).

Federal Rule of Civil Procedure 37 governs the consequences for a failure to properly disclose information under Rule 26. That "self-executing" sanction provides:

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.

Fed R. Civ. P. 37(c)(1); *see, e.g., King v. Passmore, No*. 2:16-CV-00192-JEO, 2017 WL 5202886, at *2 (N.D. Ala. Apr. 17, 2017) (excluding documents disclosed on eve of trial where disclosure was without justification, and where plaintiff had "no opportunity to probe the authenticity and accuracy of the documents during the discovery process."). "Rule 37(c), which is a self-executing sanction for failure to make a disclosure, is the more effective enforcement mechanism of the disclosure requirement when the party required to make the disclosure would need the material to support his own contentions." *Barron v. Fed. Reserve Bank of Atlanta*, 129 Fed. App'x. 512, 519 (11th Cir. 2005) (internal quotations and citations omitted); *see also* Fed. R. Civ. P. 37 advisory committee's note (1993) (Rule 37's "self-executing" and "automatic" sanction "provides a strong inducement for disclosure of material . . ."). The purpose of Rule 37 is "to prevent the 'sandbagging' of an opposing party with new evidence." *King v. Cessna Aircraft Co.*, 2010 WL 11505695, at *1 (S.D. Fla. May 7, 2010).

"The burden of establishing that a failure to disclose was substantially justified or harmless rests on the nondisclosing party." *Mitchell v. Ford Motor Co.*, 318 F. App'x 821, 824 (11th Cir. 2009) (quotation marks and citation omitted); *see also Parrish v. Freightliner*, LLC, 471 F. Supp. 2d 1262, 1268 (M.D. Fla. 2006). In deciding whether a failure to comply with Rule 26(a) or (e) is

substantially justified or harmless, a court must consider the non-disclosing party's explanation, the importance of the information, and any prejudice to the opposing party if the information were admitted at trial. *See Romero v. Drummond Co.*, 552 F.3d 1303, 1321 (11th Cir. 2008). "[T]he first and third factors, together, can outweigh the second." *Id.* Substantial justification is "justification to a degree that could satisfy a reasonable person that parties could differ as to whether the party was required to comply with the disclosure request." *Hewitt v. Liberty Mut. Group, Inc.*, 268 F.R.D. 681, 682–83 (M.D. Fla. 2010) (internal quotations and citations omitted); *see also Hill v. Allianz Life Ins. Co. of N. Am.*, No. 614CV950ORL41KRS, 2016 WL 7228748, at *4 (M.D. Fla. Jan. 20, 2016) (Mendoza, J.) (excluding untimely witness disclosures and stating that "[s]ubstantial justification requires justification to a degree that could satisfy a reasonable person that parties could differ as to whether the party was required to comply with the disclosure request. The proponent's position must have a reasonable basis in law and fact. The test is satisfied if there is a genuine dispute concerning compliance.").

### B. Berkley and Titus were Required to Disclose their New Expert Analyses, and their Failure to Timely Disclose Merits the Striking of Exhibits 2501 and 2504.

When analyzing Berkley and Titus's treacherous attempt to reinforce their arguments and sandbag Suffolk on the eve of trial, the most appropriate sanction is the striking of Berkley and Titus's Exhibits 2501 and 2504.

In the present case, not only have Berkley and Titus introduced new analyses and cited to documents that were not previously referred to in their experts' respective reports, but also Berkley and Titus do so without offering any explanation for their failure to timely disclose. While the reasoning for Berkley and Titus's foul play is no surprise to Suffolk, as SAI's Rebuttal Report specifically provided that Berkley and Titus's experts failed to perform the analyses they now seek to introduce via Berkley and Titus's Exhibits 2501 and 2504, Berkley and Titus offer no reason

whatsoever for their six month late disclosure. The record before the Court is entirely devoid. Instead, it appears that Berkley and Titus are playing a "game of blind man's buff," disregarding the Court's imposed discovery deadlines and the purpose for which discovery was created – to make trial "a fair contest with the basic issues and facts disclosed to the fullest practicably extent possible." *United States v. Procter & Gamble Co.*, 356 U.S. 677, 682 (1958). Overlooking Berkley and Titus's late disclosure would not only render futile the requirements articulated in Rule 26, but most importantly, it would severely impair this Court's duty "as coxswain of the litigation." *Ray v. Spirit Airlines, Inc.*, No. 12-61528-CIV, 2012 WL 5471793, at *2 (S.D. Fla. Nov. 9, 2012) (classifying the imposition of Rule 16(b) scheduling orders as "integral to the Court's duty as coxswain of the litigation"); *see also Koplove v. Ford Motor Co.*, 795 F.2d 15, 18 (3d Cir. 1986) ("[S]cheduling orders are at the heart of case management. If they can be disregarded without a specific showing of good cause, their utility will be severely impaired.").

Further, failing to strike Berkley and Titus's late expert disclosures would be highly prejudicial and fundamentally unfair to Suffolk. Timely disclosure would have permitted Suffolk to rebut and address Berkley and Titus's new expert analyses, which were not previously provided or referenced in Berkley and Titus's initial or rebuttal expert reports. Because discovery is now closed in this action, Suffolk is unable to depose Berkley or Titus's experts on any of the new analyses prepared. Had Suffolk obtained these new expert disclosures earlier, it would have had the opportunity to depose Berkley and Titus's experts and would have obtained answers to many of the questions that now stand including, but not limited to, (i) Berkley and Titus's lack of an effort to tie a cause-and-effect to the animations; (ii) Berkley and Titus's biased presentation of the flow of work; (iii) the inconsistencies that appear in the various animations; and (iv) which daily logs were used as source documents in Berkley and Titus's analyses and which were simply

ignored. As a result of Berkley and Titus's late disclosure, Suffolk has lost the opportunity to address these issues, among others, and to determine the accuracy and veracity of these new analyses as the underlying back up has not been provided. This very Court has precluded new expert disclosures at trial when a party has failed to timely disclose them, noting that such gamesmanship runs "against the language and policy of Federal Rules, which specifically guard against trial by ambush." *Waite v. AII Acquisition Corp.*, 15-CV-62359, 2016 WL 4433713 (S.D. Fla. Apr. 28, 2016). (emphasis added). This deluding gamesmanship is indeed what Berkley and Titus are engaging in by masking and introducing new expert analyses into evidence now as trial demonstratives – six months after the discovery deadline has expired. Therefore, Suffolk would inevitably suffer irreparable harm if Berkley and Titus's Exhibits 2501 and 2504 were permitted to be introduced as evidence at trial.

The matter is proceeding to trial in four days. It would be beyond unreasonable to expect Suffolk to be able to effectively prepare and modify its trial preparation in light of these new analyses. Suffolk's presentation of this case would require immediate and drastic changes in the event these new analyses are allowed. Suffolk would have to "re-tool [its] affirmative evidence, re-plan [multiple] cross examination[s], and potentially hire and produce rebuttal experts about issues that were not in dispute," which would inevitably require a continuance in a case that has already been pending for two years. *Waite*, 15-CV-62359, 2016 WL 4433713 at *3. Because Berkley and Titus have failed to meet their burden in establishing that these late disclosures are substantially justified or harmless, Rule 37(c)'s self-executing sanction of exclusion is warranted.

**IV.   CONCLUSION**

**WHEREFORE,** Suffolk respectfully requests this Court enter an Order striking Exhibits 2501 and 2504 or, in the alternative, providing Suffolk the opportunity to depose Berkley and

9

Titus's experts on the new analyses, and award such other relief as this Court deems just and proper.

## LOCAL RULE 7.1(a)(3) CERTIFICATION OF COUNSEL

Undersigned counsel for Suffolk, Ralf R. Rodriguez has conferred with counsel for Berkley and Titus in a good faith effort to resolve the issues raised in the motion, including conferring by email and telephone on October 27, 2021 and October 28, 2021, with Guy W. Harrison but has been unable to resolve the issues raised herein.

Dated: October 28, 2021                                       Respectfully submitted,

.

                                           **COZEN O'CONNOR**
Southeast Financial Center
200 South Biscayne Boulevard,
Suite 3000
Miami, Florida  33131
Telephone:  (305) 704-5940

*/s/ Jason R. Domark*
Ralf R. Rodriguez
Florida Bar No.: 138053
RalfRodriguez@cozen.com
Jason R. Domark
Florida Bar No.: 0880191
JDomark@cozen.com
Janet Rayo
Florida Bar No.: 1018702
Jrayo@cozen.com
*Attorneys for Defendant Suffolk Construction Company, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the above and foregoing was served via e-mail via the CM/ECF System on this 28th day of October, 2021, upon all counsel listed on the following service list.

/s/ *Jason R. Domark*
Jason R. Domark

## SERVICE LIST

Edward Etcheverry, Esq.
Jeffrey S. Geller, Esq.
ETCHEVERRY HARRISON LLP
150 South Pine Island Road, Suite 105
Fort Lauderdale, Florida 33324
Tel. (954) 370-1681
geller@etchlaw.com
etcheverry@etchlaw.com
service@etchlaw.com
*Counsel for Plaintiff*

Monique Cardenas, Esq.
Juan Diaz, Esq.
Phillips Point West Tower
777 South Flagler Drive #1400
West Palm Beach, Florida 33401
mcardenas@suffolk.com
jdiaz@suffolk.com
*Co-counsel for Defendant Suffolk Construction Company, Inc.*

LEGAL\54914443\4