UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 19-23059-CIV-WILLIAMS/TORRES

BERKLEY INSURANCE COMPANY,
a foreign corporation,

    *Plaintiff*,

v.

SUFFOLK CONSTRUCTION
COMPANY, INC., a foreign corporation,

    *Defendant*.

_____/

# AMENDED
## REPORT AND RECOMMENDATION ON MOTION FOR INTEREST

Following extensive litigation and a bench trial before the Court, the Court entered Judgment in the amount of $4,110,155.08 in favor of Berkley Insurance Company ("Plaintiff"). [D.E. 242]. Plaintiff then timely filed the pending motion [D.E. 243] to amend the Judgment to award pre-judgment interest on the damages awarded by the Court (that was referred for disposition on July 29, 2024). The motion included a Rule 7.1 certification that counsel for Defendant Suffolk Construction Company ("Defendant") objected to the award or calculation of prejudgment interest on the Judgment. But no timely response was filed in opposition to the motion to amend or to the proposed calculation of prejudgment interest on the award. Accordingly, the pending motion was ripe for adjudication and could be granted by default under S.D. Fla. Local R. 7.1. Additionally the motion could

1

also be granted on the merits under Florida law. The motion was referred for adjudication.

On August 14, 2045, the Court entered its Report and Recommendation on the motion, which determined that prejudgment interest was due on the Court's judgment under Florida law and found that the amount of interest due was $1,227,745.40 in interest awardable through "August 14, 2022." [D.E. 245 at 6]. The Report also did not recommend that prejudgment interest would continue to accrue until such time as an amended judgment was entered.

Defendant did not timely object to the Report and Recommendation, thus waiving any challenge or appeal to the Court's findings of fact and law on the prejudgment interest issue. Plaintiff, however, filed limited objections that focused on two errors in the calculation of the interest amount due in the Report and Recommendation. [D.E. 250]. Specifically, Plaintiff first argued that the $1,227,745.40 in interest was incorrectly calculated only through "August 14, 2022" when, in fact, the interest should have been found to run through July 22, 2024 and beyond. And, second, Plaintiff objected to the Report fixing the amount of prejudgment interest through that corrected date while not requiring that the prejudgment interest amount would continue accruing after July 22, 2024, at the Florida per diem rate ($1,020.8022258239) through the date the Amended Judgment was ultimately entered. Plaintiff maintained that the final amount of prejudgment interest could thus not be finally determined until the Amended Final Judgment was

2

actually entered. To the extent the Report suggested otherwise, Plaintiff objected to the Report's calculation that the total amount due was only $1,227,745.40.

Upon review of the objections, the District Judge treated the objections as a motion for reconsideration and referred that motion back to the undersigned for review and disposition. Suffolk did not file a response in opposition to the motion/objections. Thus this motion, like the original motion for an award of prejudgment interest, could be granted by default under Local Rule 7.1. Moreover, the points raised in the motion/objections are well taken. An Amended Report and Recommendation is due to be entered to clarify the award of prejudgment interest that should be entered in the case. And as there appears to be no dispute with respect to this matter, an expedited objection period will be entered to bring closure to this issue.

## I.    BACKGROUND

This case involves a dispute between Defendant Suffolk, a general contractor, and a drywall subcontractor, Titus Construction Group, Inc. ("Titus") and its surety, Plaintiff Berkley, over work at a mixed-use real estate development project located at 300 Southeast Third Street, Miami, Florida 33131 known as Met Square. Defendant was retained as the general contractor for the three-part Project and it in turn engaged Titus to provide framing, drywall, and interior metal framing (together with related labor, services, and materials) for each portion of the Project through three separate subcontracts. Berkley issued subcontract performance bonds on behalf of Titus, as principal, with Suffolk, as obligee, as to the three subcontracts.

3

This litigation then arose out of a series of construction issues and disputes with respect to one of the bonds.

After a bench trial the Court found its Order and Findings of Fact [D.E. 241] that Defendant breached its subcontract with Titus in multiple ways, which resulted in unnecessary and unreasonable delays in Titus's performance of its subcontract, which in turn resulted in consequential and delay damages due under the subcontract, as well as damages for work that Titus performed for which it was never paid.  The Court also rejected Defendant's demands for setoffs for monies owed to Titus as well as other defenses raised at trial.  The Court thus awarded $2,520,923.08 for work that Titus completed but was not compensated for, $1,589,232.00 for lost productivity damages, plus $425,899.94 in delay damages.  [*Id.* at 17-18].

In terms of fixing the date of injuries for purposes of prejudgment interest calculations, the Court's findings show: Titus completed its work during June of 2019, [*id*. at18], that Titus had not been compensated for work it performed over several months, *id.,* and that Michael Bennink's lost productivity calculations, which the Court awarded in full, ran through June 2019, *id*.  Hence all of Titus's non-payment and productivity losses had, by definition, accrued as of July 1, 2019.  To the extent any interest is owed, therefore, that date is the latest point at which interest can be fixed.

## II.     ANALYSIS

The Eleventh Circuit requires that we are bound by Florida law in making an award of prejudgment interest mandatory upon the filing of a motion to award prejudgment interest:

> In a diversity case, a federal court applies the substantive law of the forum state, unless federal constitutional or statutory law is contrary. *Salve Regina College v. Russell,* 499 U.S. 225, 111 S.Ct. 1217, 1218, 113 L.Ed.2d 190 (1991). . . . In applying state law, a federal court must "adhere to decisions of the state's intermediate appellate courts absent some persuasive indication that the state's highest court would decide the issue otherwise." *Silverberg v. Paine, Webber, Jackson & Curtis, Inc.,* 710 F.2d 678, 690 (11th Cir. 1983).
>
> . . .
>
> In Florida, prejudgment interest is an element of compensatory damages and, "when a verdict liquidates damages on a plaintiff's out-of-pocket, pecuniary losses, plaintiff is entitled, as a matter of law, to prejudgment interest at the statutory rate from the date of that loss." *Argonaut Ins. Co. v. May Plumbing Co.,* 474 So. 2d 212, 215 (Fla.1985); *Air Prods. & Chemicals, Inc. v. Louisiana Land & Exploration Co.,* 867 F.2d 1376, 1380 (11th Cir. 1989) (per curiam). In *Argonaut,* Florida adopted a "loss theory" of prejudgment interest, defining the loss as the wrongful deprivation of property. *Argonaut,* 474 So. 2d at 215; *Crockett v. State Farm Fire & Casualty Co.,* 849 F.2d 1369, 1372 (11th Cir. 1988). After determination of the amount of damages and defendant's liability, the plaintiff is to be made whole by an award of prejudgment interest from the date of the loss. *Argonaut,* 474 So. 2d at 215.

*Ins. Co. of N. Am. v. Lexow*, 937 F.2d 569, 571–72 (11th Cir. 1991), *certified question answered,* 602 So. 2d 528 (Fla. 1992) (affirming award of prejudgment interest made on plaintiff's post-trial motion).  In addition, the interest rate fixed by Florida law must be followed and there is no discretion to make any other calculation.  *Id*. at 572.

5

As a result, it is settled that an award of prejudgment interest is largely ministerial once the Court determines the amount and date of a liquidated loss. *See also SEB S.A. v. Sunbeam Corp.*, 476 F.3d 1317, 1320 (11th Cir. 2007) ("The computation of prejudgment interest is a mathematical computation and a purely ministerial duty. No finding of fact is needed, and no discretion is permitted."); *Bel-Bel Intern. Corp. v Community Bank of Homestead*, 162 F.3d 1101, 1110 (11th Cir. 1998) ("A prevailing party is entitled, under Florida law, to prejudgment interest.") (quoting *Aronaut*, 474 So. 2d at 214-15).

And procedurally the correct mechanism for the Court to award prejudgment interest is by way of a motion to amend the judgment under Rule 59(e). *See, e.g., Osterneck v. Ernst & Whinney*, 489 U.S. 169, 175 (1989) ("The [Eleventh Circuit] Court of Appeals was correct to conclude that a post-judgment motion for discretionary prejudgment interest constitutes a motion to alter or amend the judgment under Rule 59(e). First, we have repeatedly stated that prejudgment interest "is an element of [plaintiff's] complete compensation."); *Sequip Participacoes S.A. v. Marinho*, 15-23737-MC, 2019 WL 8301064, at *3 (S.D. Fla. Feb. 26, 2019) (Rule 59 is the proper mechanism to award prejudgment interest); *Mitra v. Global Fin. Cor.*, 08-80914-CIV, 2009 WL 2423104, at *1 (S.D. Fla. Aug. 6, 2009) (same).

As explained earlier, the date of loss for purposes of interest here begins July 1, 2019 as that is the latest point where all performance obligations accrued. Titus completed its work during June of 2019, before which Titus had not been compensated for work it performed over several months, and further Michael

6

Bennink's lost productivity calculations, which the Court awarded in full, ran through June 2019. Hence all of Titus's non-payment and productivity losses had, by definition, accrued as of July 1, 2019. And as the Eleventh Circuit instructs us in cases like this, we fix the date of loss at the point all payment obligations have been performed or are finally due. *See National Fire Ins. Co. of Hartford v. Fortune Const. Co.*, 320 F.3d 1260, 1279 (11th Cir. 2003) (affirming award of prejudgment interest in favor of surety on equitable subrogation claims arising from subcontractor's failure to perform; reversing award of interest before surety's performance obligations had been fully performed) ("Where the judgment liquidates the plaintiff's damages, the plaintiff is entitled, as a matter of law, to prejudgment interest from the date of that loss.").

Now that the date of loss is fixed, and if the contract does not specify a given interest rate, the interest is due to be calculated based on the rate formula set forth in Fla. Stat. § 55.03, as required by section 687.01 (absent a contractually specified rate, the interest rates in section 55.03 shall apply). Accordingly, interest begins at the rate in effect as of the date the debt is due and is adjusted every January 1 to whatever statutory rate promulgated by the Department of Financial Services is in effect as of that date. *See* Flat. Stat. § 55.03(1), (3).

No challenge has been made to the following calculations during the applicable time periods, rates, and amounts, from July 1, 2019 through the date of the final amended judgment that incorporates the prejudgment interest calculation in response to the motion to amend judgment [D.E. 243]:

7

| YEAR | RATE | PER DIEM | # DAYS | TOTAL |
|---|---|---|---|---|
| July 1, 2019 - Dec. 31, 2019 | 6.77% | .0185479% | 184 | 140,271.93 |
| January 1, 2020 | 6.83% | .0186612% | 366 | 279,956.55 |
| January 1, 2021 | 4.81% | n/a | one year | 197,698.46 |
| January 1, 2022 | 4.25% | n/a | one year | 174,694.34 |
| January 1, 2023 | 5.52% | n/a | one year | 226,880.56 |
| January 1, 2024 – date of amended judgment | 9.09% | .0248361% | tbd | tbd |

Accordingly, using this breakdown of applicable periods, the total amount of interest should be awarded to make the judgment complete as of the date of the Amended Judgment date. And post-judgment interest should then be applied to the final amount set forth in the date of the Amended Final Judgment, currently at an annual rate of 4.96%. *See* 28 U.S.C. § 1961(a) (post-judgment interest awarded "at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment.").

### III.   CONCLUSION

For the foregoing reasons, the pending motion for entry of an amended judgment for an award of prejudgment interest [D.E. 243] should be **GRANTED**. An amended final judgment should be entered to add prejudgment interest, in

accordance with the preceding calculation method, in favor of Plaintiff and against Defendant Suffolk. Post-judgment interest on such amount should be included in the Amended Final Judgment at the applicable per annum rate.

Pursuant to Local Magistrate Rule 4(b) and Fed. R. Civ. P. 73, the Court finds good cause to expedite objections. The parties have three (3) business days from service of this Amended Report and Recommendation within which to file written objections, if any, with the District Judge. Failure to timely file objections shall bar the parties from *de novo* determination by the District Judge of any factual or legal issue covered in the Report *and* shall bar the parties from challenging on appeal the District Judge's Order based on any unobjected-to factual or legal conclusions included in the Report. 28 U.S.C. § 636(b)(1); 11th Cir. Rule 3-1; *see, e.g., Patton v. Rowell,* 2017 WL 443634 (11th Cir. Feb. 2, 2017); *Cooley v. Commissioner of Social Security,* 2016 WL 7321208 (11th Cir. Dec. 16, 2016).

**DONE AND SUBMITTED** in Chambers at Miami, Florida, this 1st day of November, 2024.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
Chief United States Magistrate Judge